UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE FERNANDO SALINAS-GARCIA, | |
| Movant, | 20-CV-1027 (LAP) |
| -against- | 04-CR-0603-02 (LAP) |
| UNITED STATES OF AMERICA, | ORDER |
| Respondent. | |

LORETTA A. PRESKA, United States District Judge:

Movant, currently incarcerated in Big Spring Correctional Institution in Big Spring, Texas, brings this *pro se* "Demand to Abate or Vacate Void Judgment," in which he challenges the validity of his conviction and sentence in *United States v. Garcia*, ECF 1:04-CR-0603-02, 135 (S.D.N.Y. May 23, 2006), and seeks to be released from custody. For the following reasons, the Court construes the submission as a motion for relief under 28 U.S.C. § 2255, and grants Movant an opportunity, within sixty days, to either withdraw the application or show cause, by filing a declaration, why this application should not be denied as time-barred.

## BACKGROUND

Movant pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine, and he was sentenced to 235 months' imprisonment. *See United States v. Garcia*, ECF 1:04-CR-0603-02, 135 (S.D.N.Y. May 23, 2006). He did not appeal the conviction. Movant now brings this motion seeking to vacate his conviction and sentence on the grounds that the Court lacked jurisdiction over his criminal proceedings and he was denied due process.



## DISCUSSION

### A. Designation of Application as Motion Under 28 U.S.C. § 2255

Movant's application must be construed as a motion for relief under 28 U.S.C. § 2255 because he seeks to vacate his conviction and sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). If Movant does not want to pursue relief under § 2255, he may notify the Court in writing within sixty days that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*). Movant should note that a criminal defendant generally has one opportunity within the limitations period for a full adjudication of his claims in a § 2255 motion. If Movant does not inform the Court of his intent within sixty days, the application will remain designated as a § 2255 motion.

### B. Applicable Statute of Limitations

Movant's application may be time-barred. A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Movant's judgment of conviction was filed on May 23, 2006, and entered on May 24, 2006. As he did not appeal, his conviction became final on June 7, 2006, 10 days after the judgment was entered. *See* Fed. R. App. Pro. 4(b)(1) (allowing 10 days in 2006 to file notice of

2

appeal from judgment of conviction)[1]; *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"). Movant placed this application in the prison mail collection box on January 9, 2020, more than thirteen years and seven months after his judgment became final, and well after the applicable limitations period expired.

If Movant chooses to pursue relief in this § 2255 motion, he is directed to show cause within sixty days why this application should not be denied as time-barred. Movant should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for § 2255 motions).

## CONCLUSION

Movant's application is construed as a motion under 28 U.S.C. § 2255. Within sixty days of the date of this order, Movant must either notify the Court in writing if he wishes to withdraw the motion, or, if Movant chooses not to withdraw the motion, file a declaration showing cause why the motion should not be denied as time-barred. For Movant's convenience, a declaration form is attached to this order. If Movant files a declaration within the time allowed, the Court will review it, and if proper, order that the motion be served on Respondent. If Movant fails to comply with this order, and cannot show good cause to excuse such failure, the motion will be denied as time-barred. No answer will be required at this time.

---

[1] In 2006, Rule 4(b)(1) gave a criminal defendant 10 days from the entry of the order appealed to file a notice of appeal. *See* Amendment to Fed. R. App. P. 4(b)(1)(A) (effective December 1, 2009) (changing the deadline to file a notice of appeal from 10 days to 14 days).

3

Because Movant has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   2/18/2020
         New York, New York

_____
LORETTA A. PRESKA
United States District Judge